UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AREF MOSLEY NAGI, et al.,

    Plaintiffs,

v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICE,
DISTRICT DIRECTOR, Denise Frazier,
et al.,

    Defendants.
_____/

Case No. 22-cv-12715
Honorable Linda V. Parker

## **OPINION AND ORDER OF DISMISSAL PURSUANT TO EASTERN DISTRICT OF MICHIGAN LOCAL RULE 41.2**

### Background

Plaintiffs initiated this lawsuit against Defendants on November 10, 2022. (ECF No. 1.) Plaintiffs subsequently stipulated to the dismissal of their claims without prejudice against the following Defendants: (1) Denise Frazier, District Director, U.S. Citizenship and Immigration Services; (2) Tracy Renaud, Director, U.S. Citizenship and Immigration Services; (3) Alejandro Mayorkas, Secretary, United States Department of Homeland Security; (4) Merrick Garland, Attorney General, U.S. Department of Justice; (5) U.S. Department of Homeland Security; and (6) U.S. Citizenship and Immigration Services. (ECF No. 8.) The following remaining defendants thereafter filed a motion to dismiss: (1) Conn Schrader,

1

Director, National Visa Center; (2) U.S. Department of State; (3) Anthony Blinken, Secretary, U.S. Department of State; (4) Ian Brownlee, Principal Deputy Assistant, Secretary for Consular Affairs; and (5) Christopher A. Wray, Director, Federal Bureau of Investigation.  (ECF No. 9.)  Despite receiving an extension of time to respond to the motion (ECF No. 10), Plaintiffs never did so.

Therefore, on November 30, 2023, this Court issued an order requiring Plaintiffs to show cause in writing within fourteen days as to why the motion to dismiss should not be granted.  (ECF No. 11.)  In the order, the Court warned Plaintiffs that it found the motion well-supported in fact and law and was inclined to grant it.  (*Id.* at PageID. 127.)  The Court also warned Plaintiffs that Eastern District of Michigan Local Rule 41.2 permits a court to dismiss a case when a party has taken no action for a reasonable time unless good cause is shown.  (*Id.*)

The deadline has expired, and Plaintiffs have not responded to the show cause order or otherwise contacted the Court.

## Discussion

The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

> sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although typically none of the factors is outcome dispositive, … a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363).

There must be "a clear record of delay or contumacious conduct." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id*. at 704-05 (quoting *Schafer*, 529 F.3d at 737) (additional quotation marks and citation omitted). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id*. at 705 (additional quotation marks and citation omitted).

Here, the record demonstrates such delay. As detailed above, Plaintiffs have ignored these proceedings and the Court's orders. Plaintiffs voluntarily abandoned their claims against some defendants and are failing to prosecute their claims against those defendants remaining. The Court has warned Plaintiffs that their

failure to respond to the pending motion to dismiss could lead to it being granted. The Court sees no utility in considering or imposing lesser sanctions.

Taken together, the relevant factors support dismissal of Plaintiffs' claims against the remaining defendants with prejudice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiffs' claims against the following defendants are **DISMISSED WITH PREJUDICE** pursuant to Eastern District of Michigan Local Rule 41.2: (1) Conn Schrader, Director, National Visa Center; (2) U.S. Department of State; (3) Anthony Blinken, Secretary, U.S. Department of State; (4) Ian Brownlee, Principal Deputy Assistant, Secretary for Consular Affairs; and (5) Christopher A. Wray, Director, Federal Bureau of Investigation.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: December 19, 2023